UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OBSIDIAN SPECIALTY INSURANCE COMPANY,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>AM EXTERIORS LLC dba AM CONSTRUCTION GROUP,<br><br>　　　　　　　　　Defendant. | CASE NO. 2:25-cv-01077-LK<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

This matter comes before the Court sua sponte. "Today, as on nearly every day, the Court turns to address a new civil action that fails to allege sufficient facts to support subject matter jurisdiction." *Wilkins v. Stapleton*, No. 617-CV-1342-ORL37GJK, 2017 WL 11219132, at *1 (M.D. Fla. Aug. 1, 2017). Despite invoking diversity jurisdiction, Plaintiff's complaint does not adequately allege the parties' citizenship or that the amount in controversy exceeds the jurisdictional threshold, and thus fails to invoke the Court's subject matter jurisdiction. For that reason, the Court dismisses this action with leave to amend.

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND - 1

1  Federal courts "have an independent obligation to determine whether subject-matter
2  jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P.
3  12(h)(3). This determination is an "inflexible" threshold requirement that must be made "without
4  exception, for jurisdiction is power to declare the law and without jurisdiction the court cannot
5  proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (quotation
6  modified). Under the diversity jurisdiction statute, federal courts have original jurisdiction where
7  the opposing parties are citizens of different states and the amount in controversy exceeds $75,000.
8  28 U.S.C. § 1332. "The party seeking to invoke the district court's diversity jurisdiction always
9  bears the burden of both pleading and proving diversity jurisdiction." *NewGen, LLC v. Safe Cig,*
10 *LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016).

11 The basic requirement in diversity cases is that all plaintiffs must be of different citizenship
12 from all defendants or there is no federal diversity jurisdiction. *See Exxon Mobil Corp. v.*
13 *Allapattah Services, Inc.*, 545 U.S. 546, 562 (2005). Here, the complaint does not adequately plead
14 either party's citizenship. Plaintiff alleges only that it is "incorporated under the laws of the State
15 of Delaware." Dkt. No. 1 at 1; 28 U.S.C. § 1332(c)(1). Properly alleging an insurance company's
16 citizenship involves determining whether it should be treated as an incorporated or unincorporated
17 entity based on how the relevant state law treats it. *See Mut. Serv. Cas. Ins. Co. v. Country Life*
18 *Ins. Co.*, 859 F.2d 548, 550 (7th Cir. 1988) (observing that Texas mutual insurance company was
19 an unincorporated association under Texas law, while Minnesota law treated mutual insurance
20 company as a corporation); *see also e.g.*, *S.P. v. Spinks*, No. 2:20CV995-MHT, 2021 WL 1383233,
21 at *1 (M.D. Ala. Apr. 12, 2021) ("Whether State Farm should be considered a corporation for
22 diversity purposes depends on state law." (cleaned up)). An insurance company that is a
23 corporation for diversity purposes is a citizen of not only the state in which it is incorporated, but
24 also the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). An insurance

company that is unincorporated for purposes of diversity jurisdiction has the citizenship of each of its members. *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016).

As for Defendant AM Exteriors LLC, the complaint does not engage with the appropriate standard for alleging its citizenship (which requires Plaintiff to identify the citizenship of AM Exteriors LLC's members). *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 902 (9th Cir. 2006) (limited liability companies "have the citizenship of all of their owners/members"). The complaint alleges only that Defendant is a "Washington limited liability company organized under the laws of the State of Washington," which provides no useful information for determining Defendant's citizenship. Dkt. No. 1 at 2.[1]

Moreover, the complaint does not establish that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). "Conclusory allegations as to the amount in controversy are insufficient." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 774 (9th Cir. 2017). The complaint does nothing to establish the amount in controversy other than to assert, without more, that the jurisdictional threshold is met. Dkt. No. 1 at 2 (alleging that "the amount in controversy exceeds $75,000, exclusive of interest and costs."). Plaintiff has thus failed to satisfy its burden of plausibly pleading that the amount in controversy exceeds $75,000. *See State Nat'l Ins. Co. v. Murphy*, No. 5:23-CV-01859-JLS-KK, 2023 WL 6388076, at *1 (C.D. Cal. Sept. 29, 2023) (dismissing case for lack of subject matter jurisdiction where insurance company failed to plausibly plead that the amount-in-controversy requirement was satisfied).

---

[1] Plaintiff's Diversity Disclosure Statement, Dkt. No. 2, violates the requirements of Federal Rule of Civil Procedure 7.1(a)(2) because it contains no information about the citizenship of the parties, and the Court therefore strikes it from the record. Further violations of the Federal Rules may result in sanctions.

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND - 3

1   When subject matter jurisdiction is absent, courts "must dismiss the action." Fed. R. Civ.
2   P. 12(h)(3). The Court accordingly DISMISSES the complaint without prejudice and with leave
3   to amend. Should Plaintiff choose to amend its complaint, it must do so by June 30, 2025.
4   Dated this 16th day of June, 2025.

*[signature: Lauren King]*

Lauren King
United States District Judge